1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  EVAN BRIAN KASS,                    )      2:07-CV-1983-GEB-KJM
                                        )
13                  Plaintiff,          )
                                        )
14       v.                             )      ORDER*
                                        )
15  COLONIAL LIFE & ACCIDENT INSURANCE,)
    a South Carolina Corporation;       )
16  HADLEY WIELER; and                  )
    DOES 1 through 100, inclusive,      )
17                                      )
                    Defendants.         )
18  _____)

19          Defendant Colonial Life and Accident Insurance ("Colonial")

20  moves for dismissal of Plaintiff's Complaint under Federal Rule of

21  Civil Procedure 12(b)(6),[1] or in the alternative for summary judgment.

22  Plaintiff alleges in his Complaint that the insurance payments

23  Colonial offered Plaintiff under a Long Term Disability ("LTD")

24  insurance policy Plaintiff purchased were not as high as a Colonial

25

26  _____

27  *     This matter was determined to be suitable for decision without
    oral argument.  L.R. 78-230(h).

28  [1]     Subsequent references to "Rules" are to the Federal Rules of
    Civil Procedure.

1

1  agent represented they would be when Plaintiff purchased the LTD.

2  (Compl. ¶¶ 5, 9-10.)  Therefore, Plaintiff alleges against Defendants

3  three state law claims in his Complaint: fraud, breach of contract,

4  and breach of the implied covenant of good faith and fair dealing.

5  (See Compl. ¶¶ 1-17.)  Colonial argues these claims are preempted by

6  the Employee Retirement Income Security Act of 1974 ("ERISA"),

7  prescribed in 29 U.S.C. §§ 1001 et seq.  Plaintiff counters his claims

8  are not preempted since the LTD policy was not "established" or

9  "endorsed" by Plaintiff's employer, as required to be governed by

10 ERISA.

### MOTION TO DISMISS[2]

12      To prevail on its dismissal motion, Colonial must

13 demonstrate that the LTD policy was "established or maintained by an

14 employer."[3]  29 U.S.C. § 1002(1).  "A plan is 'established' when there

15 has been some degree of implementation by the employer going beyond a

16 mere intent to confer a benefit."  Butero v. Royal Maccabees Life Ins.

17 Co., 174 F.3d 1207, 1214 (11th Cir. 1999).  Colonial has not shown

18 that Plaintiff's employer established or maintained the LTD policy.

19 Therefore, Colonial's dismissal motion is denied.

### MOTION FOR SUMMARY JUDGMENT[4]

21      Colonial seeks summary judgment on Plaintiff's state law

22 claims, arguing that the undisputed facts show that the LTD policy was

23

---

24      [2]  The Rule 12(b)(6) dismissal standards are well known and need
25 not be repeated here.

26      [3]  Colonial does not assert that Plaintiff's employer
   "maintained" the LTD policy as an ERISA plan, but instead argues only
27 that Plaintiff's employer "established" the LTD.

28      [4]  The summary judgment standards are well known and need not be
   repeated here.

1  an ERISA plan.  (Mot. at 3:14-9:28.)  Plaintiff opposes the motion and

2  requests additional time for discovery under Rule 56(f).  (Opp'n at

3  8:14-10:6.)  A party opposing a summary judgment motion on Rule 56(f)

4  grounds "must identify by affidavit the specific facts that further

5  discovery would reveal, and explain why those facts would preclude

6  summary judgment."  <u>Tatum v. City & County of San Francisco</u>, 441 F.3d

7  1090, 1100 (9th Cir. 2006).

8          Plaintiff argues discovery would reveal facts allowing him

9  to defeat Colonial's motion.  Specifically, Plaintiff argues he would

10  be able to show that his employer did not "establish," "maintain" or

11  "endorse" the LTD policy, and thereby demonstrate that the LTD policy

12  is not an ERISA plan.  Plaintiff contends that, even if his employer

13  did "establish" or "maintain" the LTD policy, Plaintiff would be able

14  to defeat the motion by showing that the LTD policy falls within the

15  "safe harbor" exemption from ERISA.  (Opp'n at 10:2.)  Under the "safe

16  harbor" exemption, codified at 29 C.F.R. § 2510.3-1(j), a group

17  insurance plan is exempt from ERISA coverage when the plan meets four

18  requirements, including the requirement that the employer has not

19  "endors[ed]" the plan.  <u>Stuart v. UNUM Life Ins. Co. of Am.</u>, 217 F.3d

20  1145, 1149 (9th Cir. 2000).

21          Colonial counters that Plaintiff's Rule 56(f) request should

22  be denied because further discovery on these issues would be futile

23  and Plaintiff has not diligently conducted discovery.  (Reply at 6:19-

24  7:16.)  However, Colonial filed its summary judgment motion prior to

25  serving its initial disclosures under Rule 26(a), and Plaintiff

26  represents he lacks the discovery necessary to respond adequately to

27  the motion.  (Decl. of Trenton Diehl in Opp'n to Def.'s Mot. for Summ.

28

1  J. ¶ 3.)   Therefore, Plaintiff's Rule 56(f) motion is granted and

2  Colonial's summary judgment motion is denied without prejudice.

3          IT IS SO ORDERED.

4  Dated:  January 16, 2008

5

6                                    _____
                                     GARLAND E. BURRELL, JR.

7                                    United States District Judge